# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

INDEPENDENT SERVICE
PROVIDER, LLC,

    Plaintiff,

v.                                                    Case No: 8:21-cv-748-CEH-AEP

DAVID KELLEY,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Amended Motion to Remand (Doc. 23), filed on April 19, 2021. In the motion, Plaintiff states that this case should be remanded to state court for lack of subject matter jurisdiction because the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501(c)(1) ("FAAAA"), does not preempt Plaintiff's state law claims. Defendant filed a response in opposition arguing the FAAAA expressly preempts any state laws related to the routes or services of motor carriers in the trucking industry. Doc. 27. As such, Defendant contends Plaintiff's claims for injunctive relief are governed by the FAAAA. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion to Remand.

**I.    BACKGROUND**

This action arises out of a contract dispute between Plaintiff, Independent Service Provider, LLC ("Plaintiff"), and Defendant, David Kelley ("Defendant"). On

February 25, 2021, Plaintiff sued Defendant in a two-count complaint in the Circuit Court of the Tenth Judicial Circuit in and for Polk County for claims for injunctive relief (Count I) and breach of contract (Count II). Doc. 1-1. Plaintiff alleges that it is a logistics company that hires independent contractor drivers. *Id.* ¶ 4. Defendant was one of the independent contractor drivers working for Plaintiff. *Id.* ¶ 5. The parties entered into an independent contractor agreement, which Plaintiff attaches to its complaint. *Id.* ¶ 6; *see also id.* at 5–26. Plaintiff alleges the contract has a confidentiality and non-solicitation clause, as well as an entitlement to injunctive relief in the event of a breach. *Id.* ¶¶ 7, 8. Plaintiff asserts that Defendant terminated the contract without providing any notice despite the contract's requirement that ten business days' notice be provided. *Id.* ¶¶ 9, 10. Defendant left Plaintiff to join a competitor and Defendant is directly competing with Plaintiff using confidential information in violation of the parties' agreement. *Id.* ¶¶ 11, 12. Plaintiff alleges the breach of contract was intentional and willful and has caused Plaintiff to sustain damages as a result. *Id.* ¶¶ 19–24. Additionally, Plaintiff seeks injunctive relief. *Id.* ¶¶ 14–18.

On March 26, 2021, Defendant removed the action to this court on the basis of federal question jurisdiction. Doc. 1. Specifically, Defendant pleads that removal is proper because the FAAAA preempts Plaintiff's equitable claim for injunctive relief. *Id.* at 3. In support, Defendant cites the FAAAA's preemption clause that states "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law *related to* a price, route, or service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. §14501(c)(1) (emphasis added).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see* U.S. CONST. art. III. § 2. Federal question jurisdiction is a proper basis for a defendant to remove a civil action to federal court. *See* 28 U.S.C. § 1441(a). The presence or absence of a federal question is governed under the "well-pleaded complaint" rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removing party bears the burden of showing the existence of federal subject matter jurisdiction. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

## III. DISCUSSION

Defendant removed this action to federal court predicating the court's subject matter jurisdiction on the court's original jurisdiction under 28 U.S.C. § 1331. When evaluating whether a case arises under federal law for purposes of removal, this Court "is guided by the 'well-pleaded complaint' rule, which provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination." *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)); *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("[T]he question whether a claim 'arises under' federal law [for purposes of removal] must be determined by reference to the 'well-pleaded complaint.'"). Here, it is undisputed that Plaintiff has alleged purely a

state law cause of action for breach of contract.[1] Plaintiff is the master of its Complaint and may prevent removal by choosing not to allege a federal claim. *Blab*, 182 F.3d at 854. Because Plaintiff, here, alleges only a state law claim, there is no jurisdiction under the well-pleaded complaint rule.

It is apparent that Defendant is raising the application of FAAAA as a defense to Plaintiff's claims in an effort to establish jurisdiction in this court. It is widely recognized, however, that "the presence of a federal defense does not make the case removable, even if the defense is preemption and even if the validity of the preemption defense is the only issue to be resolved in the case." *Blab*, 182 F.3d at 854 (citing *Caterpillar*, 482 U.S. at 393); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense").

Notwithstanding, Defendant urges that FAAAA preemption supplies the basis for this Court's subject matter jurisdiction. Complete preemption occurs when "the pre-emptive force of a statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393. While the doctrine of complete preemption does allow for "a narrowly drawn means of assessing federal removal jurisdiction," *Blab*, 182 F.3d at 854, only limited applications of the doctrine have been

---

[1] Count I asserts a claim for "injunctive relief." An injunction is not a cause of action but a remedy. *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1288–89 (M.D. Fla. 2009), *aff'd*, 451 F. App'x 862 (11th Cir. 2012). In any event, Plaintiff's claims are based on a state law cause of action for breach of contract.

seen in the case law. "The Supreme Court has admonished that federal law should be found to completely preempt state law 'only in statutes with extraordinary preemptive force.'" *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1291 (11th Cir. 2004) (citation and some internal quotations omitted). In fact, "the Supreme Court has identified only three statutes that completely preempt related state-law claims: (1) § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; (2) § 1132 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. § 21 *et seq.*" *Dunlap*, 381 F.3d at 1291; *see Avco Corp. v. Aero Lodge No.* 735, 390 U.S. 557 (1968) (LMRA claim), and *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 23–24 (1983) (ERISA claim); *see also Cmty. State Bank v. Strong*, 651 F.3d 1241, 1260 n.16 (11th Cir. 2011) ("Complete preemption is a rare doctrine . . . .").

The FAAAA is not one of the statutes recognized by the courts as converting an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. And Defendant fails to cite persuasive legal authority to this Court demonstrating *complete* preemption extends to the FAAAA and Plaintiff's claims here.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Amended Motion to Remand (Doc. 23) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida.

3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Tenth Judicial Circuit Court, in and for Polk County, Florida.

4. The Clerk is further directed to terminate any pending deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on May 11, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any